IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MAZZAMUTO,<br><br>    Plaintiff,<br><br>  v.<br><br>WACHOVIA, NDEX WEST, LLC,<br>and DOES 1-10, inclusive,<br><br>    Defendants.<br>                                                    / | No. C 10-02851 WHA<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEY'S FEES, GRANTING REQUEST FOR JUDICIAL NOTICE, AND REFERRING JONATHAN FRIED TO THE STATE BAR** |

**INTRODUCTION**

In this home loan dispute, defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A., brings the present motion for attorney's fees in the amount of $7,032.50. All claims against defendants were dismissed for failure to prosecute. For the reasons stated below, the motion for attorney's fees is **GRANTED IN PART**.

**STATEMENT**

Plaintiff, James Mazzamuto, obtained a refinance loan from Wachovia Mortgage in May 2008. The loan was used to refinance plaintiff's real property in Martinez, California. The loan was memorialized by a promissory note and secured by a deed of trust, both of which were signed by plaintiff. The deed of trust was recorded with the Contra Costa County Recorder's Office in June 2008.

Plaintiff commenced this action in state court in May 2010 against defendants Wachovia Mortgage, a division of Wells Fargo Bank, N.A., and NDEX WEST, LLC. The complaint

describes the lender as "Wachovia," however, the loan was made by Wachovia Mortgage, FSB, which is now known as "Wachovia Mortgage, a division of Wells Fargo Bank, N.A." (Dkt. No. 20 at 1). Plaintiff asserted five causes of action: breach of contract, fraud, negligence, intentional tort, and violation of the California Foreclosure Prevention Act. In June 2010, defendant Wachovia timely removed the action. After the action was removed, Wachovia responded to the complaint by filing a motion to dismiss on July 6 (Dkt. No. 5). Plaintiff failed to file an opposition brief to the motion and was ordered to show cause as to why the action should not be dismissed for failure to prosecute (Dkt. No. 14). Plaintiff also failed to respond to the order to show cause and the case was dismissed for failure to prosecute, upon which final judgement was entered in favor of defendants and against plaintiff (Dkt. No. 19).

Defendant Wachovia seeks to recover attorney's fees incurred to defend this action. In addition to the motion for attorney's fees, defendant Wachovia requests judicial notice of the order dismissing the case, the final judgement order, the promissory note, and the deed of trust (Dkt. No. 21 Exh. A, B, C, and D). Plaintiff has failed to file an opposition to the instant motion. Plaintiff's counsel, Jonathan Fried, and plaintiff, James Mazzamuto, were ordered to appear at the hearing on November 18, 2010 on defendant's motion for attorney's fees and explain why there have not been any responses to any of the filings (Dkt. No. 23). Oral argument on the motion was heard on November 18. Plaintiff's counsel and plaintiff again failed to appear.

**ANALYSIS**

Under the American rule, the prevailing litigant ordinarily is not entitled to collect reasonable attorney's fees from the losing party. But a statute or enforceable contract allocating attorney's fees can overcome the rule. *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007). State law governs the enforceability of attorney's fees in contract provisions. California permits parties to allocate attorney's fees by contract. *See* Cal. Civ. Proc. § 1021.

Specifically, California Code of Civil Procedure Section 1032 entitles the prevailing party to recover costs. Attorney's fees are allowable as "costs" under Section 1032 when authorized by statute. Cal. Civ. Proc. § 1033.5(a)(10)(B). The statute defines "prevailing party"

to include "a defendant in whose favor a dismissal is entered." Cal. Civ. Proc. § 1032(a)(4). Furthermore, Federal Rule of Civil Procedure 41(b) provides that if a plaintiff's action is dismissed for failure to prosecute, then the dismissal operates as an adjudication on the merits, unless the dismissal order states otherwise. Defendant Wachovia is clearly the prevailing party due to the dismissal of the action on the merits.

The ability to contract out of the American rule is circumscribed by California Civil Code Section 1717(a), which provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

The promissory note and deed of trust plaintiff signed in May 2008 both include fees clauses. The promissory note provides at paragraph 8(E):

> Payment of Lender's Costs and Expenses. The lender will have the right to be paid back by me for all its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs.

(Dkt. No. 21 Exh. C). In addition, the deed of trust contains an attorney's fees provision under the Covenants section at paragraph 7:

> [If] someone, including me, begins a legal proceeding that may significantly affect the Lender's right in the Property . . . then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's right in the Property. Lender's actions may include, without limitation, appearing in court [and] paying reasonable attorney's fees. . . . I will pay to Lender any amounts which Lender advances under this Paragraph.

(Dkt. No. 21 Exh. D). By signing these documents, plaintiff assumed broad liability for defendant's attorney's fees incurred in any action relating to defendant Wachovia's defense of the contract.

California Civil Code Section 1717 applies only in an action "on a contract." The meaning of "on a contract" has been liberally construed to mean any action involving a contract for the purposes of Section 1717. *Turner v. Schultz*, 96 Cal. Rptr. 3d 659, 663 (Cal. Ct.

3

App. 2009). Plaintiff's claims for breach of contract, fraud, negligence, intentional tort, and violation of the California Foreclosure Prevention Act are all "on a contract." Defendant Wachovia therefore is entitled to attorney's fees under these claims.

Turning to the reasonableness of the requested attorney's fees, the declaration of Trudi Foutts Loh includes a breakdown of the billing rates and qualifications of the attorneys and staff who worked on the matter for all time billed from July 2010 to September 2010 (Loh Decl. ¶¶ 2–3). A detailed breakdown of the legal services provided also was included in the declaration (Loh Decl. Exh. A). This order finds that $7,000 in attorney's fees is a reasonable amount.

Attorney Fried has repeatedly violated his obligations as a lawyer and has specifically violated this Court's orders by failing to oppose motions, respond to orders, and appear at hearings in this action. In light of Attorney Fried's pattern of misconduct, he will *personally* carry the burden for the $7,000 award in attorney's fees. Absent a showing of good cause to the contrary, Attorney Fried will pay the $7,000 — not his client. Additionally, the Clerk is directed to send a copy of this order to the state bar for investigation and to the district's Standing Committee on Professional Conduct pursuant to Civil Local Rule 11-6.

## CONCLUSION

For the foregoing reasons, defendant Wachovia's motion for attorney's fees is **GRANTED IN PART**. An award of $7,000 for attorney's fees is granted in favor of defendant Wachovia, against Attorney Jonathan Fried *personally* (and not against his client). The assignment of this attorney's fees liability to Attorney Fried (and not his client) is without prejudice to future adjustment for good cause shown. Defendant's request for judicial notice is **GRANTED**. All of the documents are matters of public record.

**IT IS SO ORDERED.**

Dated: November 22, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4